UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHARLES T. COLWELL, and ) <br> ASHLEY E. STREITFERDT, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> AMBER FRY, et al., ) <br> ) <br> Defendants. ) | Case No.: 1:25 CV 1666 <br><br> JUDGE SOLOMON OLIVER, JR. <br><br> MEMORANDUM OF OPINION <br> AND ORDER |

*Pro se* Plaintiffs Charles T. Colwell and Ashley E. Streitferdt bring this action *pro se* against Child Protective Services ("CPS") Caseworker Amber Fry, CPS Supervisor Jennifer Rable, Mercy Health, Deputy Sheriff Jay First, "Hospital/CPS Staff," the Trumbull County Children Services Board, and John/Jane Does. CPS removed an infant from their care based on allegations that the child's mother suffered a drug overdose. Plaintiffs dispute this allegation. The Juvenile Court has scheduled a hearing for August 13, 2025. They ask this Court to intervene in the Juvenile Court case, stop the hearing, and return custody of the child to them.

The comity-based abstention doctrine developed in the Supreme Court case of *Younger v. Harris*, 401 U.S. 37 (1971) prevents federal courts from interfering in pending state-court proceedings, even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance "where the danger of irreparable loss is both great and immediate."

*Younger*, 401 U.S. at 45. The *Younger* abstention doctrine reflects the strong federal policy against federal interference with state judicial proceedings, and promotes the presumption that state courts are equally competent at safeguarding federal constitutional rights. *Id.* *Younger* abstention is not a question of jurisdiction, but is rather based on "strong policies counseling against the exercise of such jurisdiction." *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 626 (1986). The *Younger* abstention doctrine may be raised *sua sponte* by a federal court. *O'Neill v. Coughlan*, 511 F.3d 638, 642 (6th Cir. 2008).

When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir.1988). If the state Defendant files such a case, *Younger* abstention requires the federal court to defer to the state proceeding. *Id*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Based on these principles, abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44.

All three factors supporting abstention are present. Plaintiffs indicate that the custody case is currently pending in the Juvenile Court. Child custody matters implicate important state interests. *See Moore v. Sims*, 442 U.S. 415, 435 (1979); *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995); *Zak v. Pilla*, 698 F.2d 800 (6th Cir. 1982); *Firestone v. Cleveland Trust Co.*, 654 F.2d 1212 (6th Cir.

1981); *Parker v. Turner*, 626 F.2d 1 (6th Cir. 1980).

The third requirement of *Younger* is that Plaintiffs must have an opportunity to assert their federal challenges in the state court proceeding. The pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims. *Moore v. Sims*, 442 U.S. 415, 430 (1979). The burden at this point rests on the Plaintiffs to demonstrate that state procedural law bars presentation of their claims. *Pennzoil Co.*, 481 U.S. at 14. Plaintiffs indicate that the Juvenile Court scheduled a hearing for August 13, 2025. They do not provide any indication that they will be barred from presenting their arguments to the Juvenile Court or to the Appellate Courts in the event they are unsuccessful in convincing the trial court to rule in their favor.

Therefore, the Court finds that the *Younger* doctrine applies and requires federal abstention in this case. This Court cannot intervene in a pending state court child custody matter. Plaintiffs' request for a temporary restraining order is denied. This case is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

August 11, 2025